# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CR-00212-DGK-1 |
| ) | |
| JOHN CLIFFORD WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

In 2016, a grand jury indicted Defendant on ten counts of wire fraud and four counts of money laundering in connection with a fraudulent investment scheme. In the fall of 2018, the parties agreed that Defendant possessed a mental defect that left him unable to assist properly in his own defense, and that Defendant's surrender for assessment of his mental capacity and treatment for mental competency should be delayed while his treatment for cancer was on-going.

After Defendant elected a non-surgical approach to treatment and the Court approved Defendant's move from Oregon to Nevada to be closer to his daughter, the Government filed a Request for Order of Surrender (Doc. 81). On November 7, 2019, the Court denied the request without prejudice (Doc. 82), resetting the matter for a status conference on March 10, 2020.

On November 15, 2019, the Government filed the pending motion for reconsideration (Doc. 83), arguing that Defendant's cancer can be adequately treated while in the custody of the Bureau of Prisons. The Government also noted that 18 U.S.C. § 4241(d) provides that once a court finds a defendant presently suffers from a mental disease or defect rendering him mentally incompetent, "the court shall commit the defendant to the custody of the Attorney General." Although the Government has not indicated exactly when it would like Defendant taken into

custody, it's position appears to be that Defendant should be taken into custody immediately. The Government has not suggested that Defendant is presently dangerous or any kind of threat to public safety.

The Court has always maintained that Defendant shall be committed to the Attorney General's custody; the question is precisely when this should occur.  Although the Government previously agreed to a delay while Defendant's treatment was ongoing, its position has changed, which gives rise to the question of exactly when Defendant should be taken into custody.[1]

This is a question for the Court to decide, not the Government.  Given Defendant's numerous mental and physical problems, this is a question that requires more information to appropriately answer.  The Court will take up this question during the March 10, 2020, status conference, and hear relevant evidence and argument at that time.  The Defendant may be taken into custody at the conclusion of this hearing.

The Government's motion is DENIED.

**IT IS SO ORDERED.**

Date:  January 30, 2020  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Government's previous agreement to delay Defendant's surrender also undercuts any suggestion that the language of the statute means "the court shall commit the defendant to the custody of the Attorney General *immediately,*" a word which does not appear in the text.